JOHN H. PINKERTON v. JOSEPH E. STANINGER ET AL.,
SUPERVISORS OF MONTMORENCY COUNTY.

*Election—Removal of county-seat—Determination by supervisors.*

1. The action of a board of supervisors under How. Stat. § 491, in canvassing, and determining and entering upon their records the result of, the votes cast upon the question of the removal of the county-seat of the county, is conclusive, and no judicial review is provided by law; citing *Attorney General v. Board of Supervisors*, 33 Mich. 289; *Attorney General v. Board of Supervisors*, 34 Id. 211; *People v. County Treasurer*, 41 Id. 6; *Hipp v. Board of Supervisors*, 62 Id. 456; *Attorney General v. Board of Canvassers*, 64 Id. 612; *Double v. McQueen*, 96 Id. 39.

2. Such determination cannot be defeated in the courts by showing that the board of supervisors acted upon *ex parte* affidavits, alleging colonization of many illegal voters, and certain illegal acts on the part of the inspectors of election.

*Mandamus.* Argued June 5, 1894. Denied June 26, 1894.

Relator applied for *mandamus* to compel respondents to convene as a board of canvassers, and canvass all the votes cast at a certain election held in said county upon the question of the removal of the county-seat to the village of Lewiston, their prior determination that said proposition

had not carried being based upon the rejection of the vote of a certain township.

*W. E. Depew,* for relator.

*C. E. Williams* and *John E. Mills,* for respondents.

GRANT, J. The respondents, acting as a board of canvassers under How. Stat. § 491, rejected the vote of the township of Albert on the ground of fraud.

It has been settled by the repeated decisions of this Court that the decision of the supervisors in canvassing and determining the vote upon the question of the removal of the county-seat is conclusive, and that no judicial review of their action is provided by law. *Attorney General v. Board of Supervisors,* 33 Mich. 289; *Attorney General v. Board of Supervisors,* 34 Id. 211; *People v. County Treasurer,* 41 Id. 6; *Hipp v. Board of Supervisors,* 62 Id. 456; *Attorney General v. Board of Canvassers,* 64 Id. 612; *Double v. McQueen,* 96 Id. 39.

It is true that in this case the supervisors acted upon *ex parte* affidavits, alleging colonization of many illegal voters and certain illegal acts on the part of the inspectors of election. They have, however, acted and made a canvass and declared the result. Their acts may be unwarranted by the facts, but, until the Legislature shall provide some method for a judicial review of their action, the courts cannot interfere.

The writ must be denied.

The other Justices concurred.